IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   07-cr-00085-WYD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

THOMAS QUINTIN,

       Defendant.

_____

**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT
AND MOTION FOR DOWNWARD DEPARTURE**
_____

The defendant, Thomas Quintin, by and through undersigned counsel, hereby objects to the Presentence Investigation Report and moves for a downward departure from a Criminal History Category V to IV.  In support of this, he states that:

**I.**     **Defendant Object to a Four Point Role in the Offense Enhancement Pursuant to U.S.S.G. §3B1.1(a) and Requests Only a Two Point Enhancement Provided for by U.S.S.G. §3B1.1(c)**

Probation assess a four point role in the offense enhancement pursuant to U.S.S.G. §3B1.1(a).  Probation maintains that Mr. Quintin was a leader or organizer of an "otherwise extensive" criminal activity.  Mr. Quintin disagrees and submits that the two point enhancement provided for by U.S.S.G. §3B1.1(c) should apply instead.

Assuming *arguendo,* that Mr. Quintin was a leader or organizer of the criminal activity for which he has been convicted, that does not mean that the activity was "otherwise extensive."  Given that number of participants (as opposed to persons unwittingly involved in the scheme) includes fewer than five people, the four points may only be assessed if the criminal activity is "otherwise extensive."  However, it was not.

First, the scheme did not employ "the unknowing services of many outsiders." Apart from the tax service used, only a handful of clerical people were employed.

Second, the scheme was not so complex that it might fairly be termed extensive. At its core, the plan was simple – use the social security numbers of dead people to file false tax returns.

Third, the amount of loss was not so great as to trigger the enhancement. Only a few hundred thousand dollars of loss occurred. This was no multi-million dollar loss.

Overall then, nothing about this scheme places it so far beyond the norm of tax fraud that a four point enhancement based on its extensiveness is warranted. This Court should simply assess a two point enhancement as contemplated by provided for by U.S.S.G. §3B1.1(c).

## II. Because Criminal History Category V Overrepresents the Seriousness of Defendant's Criminal History, This Court Should Depart Downward to a Category IV

Probation calculates that, based on a total of ten criminal history points, Defendant falls into a Criminal History Category V. Because he has only two prior felonies apart from a failure to appear on the sentencing date of the first felony, placing him in the second highest criminal history category substantially overstates the seriousness of his criminal history.

Three of the ten criminal history points are the result of the timing of the instant case, not additional criminal conduct. Seven of the ten points are the result of three criminal convictions. Significantly, however, only two of these three convictions were for substantive criminal offenses involving misconduct independent of the court process – the 1992 Central District of California tax case and the 1996 District of Colorado tax case. The other conviction which adds two points to the criminal history was for failing to appear for sentencing on the 1992 case.

Because he was charged with the failure to appear, a crime which often is not charged at all, despite a Defendant's failure to appear for court, Mr. Quintin faces a higher sentence than he might otherwise face and a sentence which places him in a higher criminal history category than his actual

conduct warrants. Granted, Mr. Quintin is a recidivist. However, he deserves to be sentenced based upon the true seriousness of his criminal history and not on an inflated history which unrealistically overstates the severity of his past conduct.

Mr. Quintin, with only two prior felony cases involving actual fraud and o lone failure to appear on one of those cases (a crime which often is not even prosecuted), falls into as high a criminal history category as someone with a more serious record. For example, a different Defendant with three distinct felony cases and the same timing of his instant offense as Mr. Quintin and who also failed to appear on one of his cases (but without being charged with failing to appear), could also be in Category V. Likewise, depending upon the sentences imposed, another Defendant with the same tax cases as Mr. Quintin and an uncharged failure to appear on one of them, but with two additional convictions netting short jail sentence, would be a Category V, just like Mr. Quintin.

Mr. Quintin understands that the guidelines inherently draw lines and that sometimes defendants fall onto the harsher side of these lines. He also appreciates that his own poor judgment in committing repeated tax crimes and not appearing for sentencing in 1992 has placed him into this situation. However, he does submit that placing a nonviolent tax/fraud offender with two prior white collar cases into the second most serious offender category serves neither justice nor reality well.

Applying a common-sense approach to Mr. Quintin's criminal history in place of the mechanistic application of guidelines, regardless of the true nature of underlying conduct, produces a more accurate representation of Mr. Quintin's criminal history. He should be treated as if he were a Category IV. He is far from the least experienced offenders for whom Category I and II criminal histories are reserved. Yet, he is also not among the worst of the worst who fall into Categories V and VI. He is above the mid-level offenders in Category II, but falls comfortably into Category IV.

Fortunately, the advisory guidelines themselves do not force a constrained and rote application of criminal history. Rather, they explicitly permit a downward departure where appropriate to account for over representation of criminal history. *See* U.S.S.G. §4A1.3(b). This Court should exercise its discretion under 4A1.3(b) and depart downward from a Criminal History Category V to a Category IV.

Respectfully submitted,

RAYMOND P. MOORE
Federal Public Defender


s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on July 9, 2007, I electronically filed the foregoing **DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD DEPARTURE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Bob Mydans, Assistant United States Attorney
    Bob.Mydans@usdoj.gov
    Charlotte.Seaton@usdoj.gov
    rmydans@yahoo.com
    USACO.ECFCriminal@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Laura Ansart, United States Probation Officer  (via e-mail)
    laura_ansart@cod.uscourts.gov

Thomas Quintin **(**via mail**)**
Reg. No. 99779-012
c/o Federal Detention Center
9595 W. Quincy Avenue
Littleton, CO     80123

                    s/ Edward R. Harris
                    Edward R. Harris
                    Assistant Federal Public Defender
                    633 17th Street, Suite 1000
                    Denver, CO  80202
                    Telephone:  (303) 294-7002
                    FAX:  (303) 294-1192
                    Edward_Harris@fd.org
                    Attorney for Defendant