IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 07-cr-00085-WYD-01

**UNITED STATES OF AMERICA,**
   **Plaintiff,**

v.

1. **THOMAS W. QUINTIN,**

   **Defendant.**

---

**MOTION FOR DOWNWARD DEPARTURE FOR
SUBSTANTIAL ASSISTANCE**

---

  The United States respectfully files this Motion for Downward Departure for Substantial Assistance pursuant to Section 5K1.1 of the advisory United States Sentencing Guidelines. The parties understand and agree that the federal sentencing guidelines are now advisory in nature and their application is not mandatory. In support of this Motion, the United States states the following:

I. <u>Procedural History</u>

  On March 1, 2007, a seven count Information was filed in U.S. District Court for the District of Colorado charging this defendant in Counts 1 and 2, violations of 42 U.S.C. § 407 (Misuse of a Social Security Number), in Counts 3 and 4, violations of 18 U.S.C. § 287 (False Claims Against the United States), in Counts 5 and 6, violations of 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 2 (Principals, Aiding and Abetting, and Causation), and in Count 7, a

violation of 18 U.S.C. § 981 (forfeiture).  On April 27, 2007, the defendant entered a plea of guilty to all seven counts in the Information before this Honorable Court.  The plea agreement, which is a document of record in this case, contemplated that the United States would file a Motion for Downward Departure because of substantial assistance.  The United States reserved the right to decide how much of a departure, if any, it would request in the motion.  The filing of this motion fulfills that obligation.

II.     Description of Quintin's Cooperation

Proffer Sessions

Thomas W. Quintin, represented by counsel on each occasion, meet with representatives of the United States on two occasions to be debriefed and otherwise supply information.  The first meeting took place on March 28, 2007, and the second on April 4, 2007.  He provided extensive information regarding his own actions, the actions of other individuals, and the knowledge or lack of knowledge of others.  In each session, he was cooperative, open, and forthcoming. Since the two proffer sessions took place before the entry of the change of plea on April 27, 2007, the law enforcement officers were interested in both a description of the scheme and how it worked, as well as what other people were involved.  They were also interested in any other areas of criminal conduct that this defendant had information.

He readily admitted his involvement in the instant offenses.  What was of particular interest was where and how the defendant obtained the names of individuals and their social security numbers, since the numbers matched correctly with the names used on the fraudulent tax returns.  The defendant explained how he researched this aspect and that two states would give

2

access to individuals for social security numbers for deceased persons. The available numbers were for deceased persons in the 1960's, and 1970's.

The defendant also supplied information concerning a potential murder in another state. While all involved believe the defendant told us all he knew, it was still sketchy at best. In spite of that limitation, the information was immediately passed on to appropriate law enforcement officials in the state and local jurisdiction. We are awaiting word back on whether or not the information was detailed enough to be useful or corroborated. Word was recently received back from the Cold Case Unit in the San Antonio Police Department that the information was not sufficiently detailed to be of any investigative use.

III.     Value of Quintin's Cooperation

Thomas W. Quintin's cooperation was both substantial and timely within the meaning of Section 5K1.1. This defendant made the initial decision to cooperate very early on in the active part of the investigation. He was cooperative, informative, and immediately helpful.

IV.    Recommendation

The plea agreement contemplates an adjusted offense level of either 19 or 22, depending upon whether or not certain adjustments are included or not. The resulting guideline, based upon the plea agreement, is contemplated to be either 33-41 months or 46-57 months, based upon a criminal history category of IV. The Pre-sentence Investigation Report ("PSR") concluded that an adjusted offense level of 20 with a criminal history category of V was appropriate, resulting in a guideline sentencing range of 63-78 months.

The defendant has filed objections to the PSR concerning the four point enhancement for role in the offense. He has further asked the sentencing court to find and conclude that the

criminal history over represents the seriousness of the defendant's criminal history, and to thus, depart downward.

There has, to date, been one Addendum to the pre-sentence report and there have been no objections filed by the government to any of the guideline calculations. The difference in the plea agreement calculation and the pre-sentence calculation are the result of a more extensive criminal history on the part of the defendant and an additional point accessed for role in the offense.

The United States respectfully requests that this Honorable Court grant this Motion for Downward Departure, find an adjusted offense level of 16, criminal history category V and a corresponding guideline range of 41-51 months. Within that range, the United States recommends a sentence at the bottom of the range, or 41 months.

WHEREFORE, the United States respectfully requests that this Honorable Court grant this motion and sentence this defendant to a period of 41 months in the custody of the Federal Bureau of Prisons.

Respectfully submitted,

By: s/ *Robert E. Mydans*
ROBERT E. MYDANS
Assistant United States Attorney
District of Colorado
1225 - 17th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0200
Fax: (303) 454-0402
E-mail: bob.mydans@usdoj.gov
Attorney for the Government

CERTIFICATE OF SERVICE

       I hereby certify that on this 30th day of July, 2007, I electronically filed the foregoing **MOTION FOR DOWNWARD DEPARTURE FOR SUBSTANTIAL ASSISTANCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Edward Harris
Edward_Harris@fd.org

A copy of the foregoing has been mailed to the U.S. Probation Department.

                                              s/ Charlotte A. Seaton
                                              CHARLOTTE A. SEATON
                                              Legal Assistant to Robert E. Mydans
                                              U.S. Attorney's Office
                                              1225 - 17th Street, Suite 700
                                              Denver, Colorado 80202
                                              Telephone: (303) 454-0244
                                              Fax: (303) 454-0402
                                              E-mail: charlotte.seaton@usdoj.gov